LEDAY MICHAEL J-38351, D7-212

SALINAS VALLEY STATE PRISON

P.O.BOX 1050,SOLEDAD CA 93960

FILED

JUL - 9 2008

E-filing RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Pro se

(P

(PR)

PJH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEDAY MICHAEL
_____ Plaintiff.

v

I S U ,T VARIZ et al
_____ Defendant[s]

CASE NO: _____ 3325

EX-PARTE MOTION FOR
APPOINTMENT OF COUNSEL
DECLARATION AND MEMORAND-
UMS   OF   POINTS   AND
AUTHORITIES

TO: THE HONORABLE COURT IN THE ABOVE CAUSE OF ACTION

NOW COMES, **MICHAEL LEDAY** ,Plaintiff in the above cause of action who moves this court for an Ex Parte Order fro Appointment of Counsel to represent Plaintiff's interest in the above bona fide legal action and for which Plaintiff has no other means to gain meaningful access to the courts due to incarcerated status of indigent Plaintiff herein

This Motion is based on this Ex Parte Motion,on the attached declaration,,on the Memorandum of Points and authorities herein on the papers and records filed in this matter and on such other evidence presented to the Court in support of this Motion.

Dated: 7/3/08

This Motion drafted by:

*Joseph Nichols*
JAILHOUSE LAWYER
JOSEPH NICHOLS

RESPECTFULLY SUBMITTED

*Leh Day*
PLAINTIFF       PRO SE
MICHAEL LEDAY

1

## DECLARATION OF MICHAEL LEDAY

1. That I am the **Plaintiff** in the within bona fide legal cause of action, am a poor indigent incarcerated prisoner, and have at risk not having a fair representation of the above action due to "Extraordinary Circumstances beyond **Plaintiff's** control;

2. That **N/A** is a mental health prisoner who is presently taking psychotropic medicines due to his Chronic Depression and Anxiety;

3. That the **Plaintiff M Leday** is incarcerated and the State Prison which has an law library that's open while **Plaintiff** is in his cell, but the warden does not allow **Plaintiff** to attend the law library unless he is a PLU with a 30 day court deadline. (See Exhibit A p.1.);

4. That **Plaintiff** is a layperson, untrained in law, and as a result of poor, indigent, and incarcerated status, is without the necessary funds to have an trained attorney provide an fair and competent representation of the above action to equal the representation of the defendants;

5. That the Prison's Law Library is overcrowded and has a first come, first served bases for it's computor and law books which makes it difficult to study recent cases and decisions because a large part of the prison population desires to do the same thing at the same time;

6. That the photocopying machines are more often than not in poor operating shape or out of service and the Law library is often to busy doing many copying jobs when the copier is working unavailable.

7. That **Plaintiff "Leday"** is to poor to afford the Superior Courts Local rules and the Salinas Prison library does not provide local court rules;

2

8. That the State Prison doe's not have Government Code Books,our Books which aide in explaining how to litigate claims,nor do they have appropriate forms of books that explain how to do discovery and obtain certain types of evidence;

9. **Plaintiff** has limited formal education and no education in law.Plaintiff does not understand or comprehend complex legal reasoning,standards,or language when attempting to study case precedent,codes,statutes,and other legal publications.

10. **Plaintiff** was required to enlist assistance of fellow prisoners with limited knowledge of the law,in order to prepare and file the pleadings previously filed with the court; including this current Motion for Assignment of Counsel.The assistance of fellow prisoners is nearly non-existent due to confinement conditions of my current housing unit;in fact,it is primarily due to pre-printed forms that are not always available in the law library ,luckily,an jailhouse lawyer typed this motion up claim and other papers for this claim.

11. That as a right guaranteed by the due process and equal protection clauses of the state and federal constitutions,the Court and ensure a full,fair and just trial in the above matter thru it's willingness to locate counsel in this matter;

12. That the **Plaintiff** may be granted appointment of counsel and does declare that such appointment of counsel should be awarded legal fees in accordance with standards within the community for similar cases;

13. That attorney fees should be ordered by this court to be paid pursuant to ,but not limited to,(a) Business and Professional Code,Section 6210,(b) Government Code,Section 27706,and/or (c) legal duty and obligation of law enforcement/correctional agency to provide for the constitutionally mandated needs of wards remanded to custody;

3

for the constitutionally mandated needs of wards remanded to custody;

14. That without relief requested herein, that Plaintiff will continue to suffer deprivations of constitutional and/or other legal rights as stated above.

## VERIFICATION

I have read the above statements and do declare upon penalty of perjury that these statements are true and correct as based upon information and belief. Executed this **3rd** day of **July**, 2008 at **Soledad** California pursuant to Code of Civil Procedure, Sections 446 and 2015.5.

RESPECTFULLY SUBMITTED

*(signature)*
PLAINTIFF / PRO PER
Michael Leda

RESPECTFULLY DRAFTED BY

*(signature)*
JOSEPH NICHOLS/JAILHOUSE
LAWYER WHO DRAFTED THIS
COMPLAINT FOR PLAINTIFF

4

POINTS AND AUTHORITIES

I

INDIGENT PRISONER WHO CAN'T AFFORD COUNSEL AND WISH THE ASSISTANCE OF A LAWYER SHOULD REQUEST THAT THE COURT APPOINT COUNSEL TO REPRESENT THEM.

Plaintiff points out, there is clear statutory authority under which the Court may appoint or assign counsel to assist pro se Plaintiff in litigating this Suit Action. Because Plaintiff is not allowed to go to the open law library to research state law that supports Plaintiff Motion for appointment of counsel, plaintiff can only refer to Federal law as to why counsel is needed.

The defendants will more than likely be represented by Professional Counsel, so, "Fundamental Fairness" is the test by which the decision to appoint assistance of counsel rests, See Norris V. Wainwright, (1977) 588 F.2d 130, 133-134; Also, see Charlton v Superior Curt, 93 Cal.App.3d 858 (1979).

Another primary consideration is the right of every litigant, rich or poor, to equal consideration before the courts; (Coppedge v. United States, (1962) 369 U.S. 438, 456). Even without statutory authority Courts, in a proper situation or prevailing circumstances of a case, may assign counsel to assist an indigent state prisoner plaintiff under the court's supervisory powers and sound discretion; (McNabb v United States (1943) 318 U.S. 332, 346-347; Also, see Charlton v Superior Court, 93 Cal.App.3d 858 (1979).

Some courts hold counsel is not necessary " unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." (Eskridge

5

v Rhay,(1965) 345 F.2d 778,782;Anderson v Heinze,(1958) 258 F.2d 479,482,484;Dillon v United States,(1962) 307 F.2d 445,447;Bounds v Smith(1977) 430 U.S.817,823-835),Kilgo v Ricks,983 F.2d 189 (11th Cir.1993),Bee v Utah State Prison,823 F.2d 397(10th Cir.1987).

Plaintiff is well aware the United States Supreme Court and Congress have never held a civil litigant has a right to have counsel assigned for assistance in pursuing claims in the courts.However,the question of whether or not to assign counsel is solely within the discretion of the court and that sound discretion "requires that counsel be appointed in at least some cases".(United States v.Wilkens,(1964) 338 F.2d 404,406;United States v.Wilkens,(1960) 281 F.2d 707,715).

Many entanglements and unnecessary delays and expense to the judiciary and parties may be avoided by assignment of counsel;Taylor v.Pegelow,335 F2d 147,150).At least one District Court has viewed in the context of habeas corpus that,unless the application could be dismissed 'summarily",counsel should be assigned to assist the impoverished "layman prisoner."(Cullins v Crouse,(1965) 348 F2d,887,889).

In civil rights actions under 42 USC,section 1983,to redress injuries inflicted by individuals"acting under color of state law",courts have considered assignment of counsel to be of fundamental importance where the plaintiff(Prisoner Suit Litigant) must conduct discovery to pursue the case and the plaintiff cannot conduct the discovery himself;(Murrell v Bennett, (12980) 615 F.2d 306,309).Perhaps more importantly,"summary judgement"or demurrers proceedings against a prisoner plaintiff,unable to secure discovery to ward off such judgment,cannot be permitted against a layman prisoner unaware of

6

proper opposition to such proceedings;(Ibid.at 310-311).

In this case,as stated in the foregoing facts and forthcoming attached declaration,and reasons the court should assign counsel,plaintiff has clearly demonstrated he cannot proceed further in litigating this meritorious proceeding without assistance from someone knowledgeable in the intricacies entailed in pursuit of this type of proceeding.

THE DECISIONS OF THE SUPREME COURT AND COURT OF
APPEAL ARE BINDING AND MAY BE ACCEPTED BY THE
TRIAL COURTS.WOODS V SUPERIOR COURT,(SUPRA) 36 CA 3d 811,814;AUTO EQUITY SALES,INC.V.SUPREIOR COURT,(   ) 57 C.2d 450,455.

The rule of Stare Decisis is a rule of jurisdiction.Auto Equity Sales,Inc.v.Superior Court,(supra),citing Abelle v District Court of Appeal,(  ) 17 C.2d 280,288.

ATTORNEY FEES SHOULD BE ORDERED PAID BY THIS COURT.
6th,13th,and 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION.

It stands to reason that Plaintiff is in need of an Court appointed Attorney,and reasonable compensation equal to that afforded others in the community for similar services.13th and 14th Amendments to United States Constitution;Yarbrough v Superior Court, (supra) 39 C.3d 197,desent at 207 and continuing be Chief Justice Bird.

This court may order funds be provided from appropriate sources including,but not limited to,provisions pursuant to Business and Professions Code,Section 6210;Government Code, Section 27706; from the law enforcement/correctional agency of custody which is legal mandated to provided for constitutionally required needs of Plaintiff,just as food,clothing,shelter,medical and other needs must be provided for.Plaintiffs legal needs are

7

simply an extension of other constitutionally protected rights which serves both the needs of the individual and society at large. Indeed, for the state to allow Legal mail rights to be violated, which in this case could have far reaching impact on Plaintiff's future legal mail, would transgress the constitution. Under circumstances as presented herein, surely the state should afford Plaintiff the protection afforded in **LAW** Suit proceedings or mail violation practices.

### REASONS THE COURT SHOULD ASSIGN COUNSEL

1. Plaintiff is unable to employ counsel; can't **Articulate Claims,** "nor did he" a Jailhouse Lawyer Articulated this Complaint and Drafted it.

2. The prisons law library is available but, the warden will not allow Plaintiff to go to the law library without an 30 days court deadline; AND WILL NEED the **Jailhouse Lawyers assistance.**

3. Due to the first come first served basis of the law library and because prisoners have the same concerns and need the same books or computor which makes research impossible;

4. The Prisons Copier breaks down periodically and the Clerk is to busy doing other prisoners copy jobs Law Library is Closed regularly.

5. Plaintiff suffers from Chronic depression and is on psychotropic medicines to help prevent periodic despondence;

6. Discovery would be extremely difficulty, and making motions or other documents because of shortage of litigation supplies;

7. The issues involved necessitate serious and complex discovery proceedings to be undertaken by Plaintiff in order to prepare for further proceeding on summary judgment of preparation for trial. Plaintiff can't **Articulate** how to make **motions** adequately.

8. The prison limits plaintiff's access and time with law books and other legal materials necessary to facilitate proper legal research and drafting of papers; and Officers Harass due to Lawsuits.

9. Plaintiff has very little legal experience and knowledge of law. Also, the prison is level 4 and during lockdowns, law library access is extremely hard.

10.   Officers are known to intercept Legal Documents like **Summons,Courts replies and or intentionally prevent,obstruct,hinder and impeded court access.**

11.   .   The interests of justice and the economy of judicial resources would be best served by assignment of counsel to assist Plaintiff in this action. **Please Continue on pages 11-12.**

LEGAL PAPERS SUBMITTED BY INDIGENT PRO PER

PRISONER UNTRAINED IN LAW MUST BE HELD TO LESS STRINGENT STANDARDS THEN THOSE DRAFTED BY MEMBERS OF THE BAR AND MUST BE VIEWED IN LIGHT MOST FAVORABLE TO PRO PER.<u>Haines v Kerner</u>,(1972) 404 U.S. 519; 92 s.Ct.594.

Plaintiff to this suit is an indigent prisoner who is untrained in law and being denied meaningful access to the courts.(See **Declaration.p.2** ).Plaintiff has a constitutional right to meaningful access to the courts and appointment of legal counsel to protect the integrity and fairness of Trial proceedings.Further,Plaintiff enjoys the right of the court to provide favorable discretion as to the appointment of counsel for Plaintiff as to the above matters. **Please Continue on pages 11-12.**

PRAYER FOR RELIEF

WHEREFORE,Good Cause having been shown,this court is humble requested to grant the motion as follows:

1.   Provide an favorable decision as to the issues raised herein in support of Plaintiff Motion;

2.   Order Appointment of Counsel to represent Plaintiff's Claims in the attached cause of action;

3.   Order the payment of counsel appointed herein a sum customary for such a case within the community to be paid from a source determined by the court;

9

4.  In the alternative, hold hearing(s) and /or otherwise make findings of fact as to issues pertaining to appointment and compensation of counsel to represent Plaintiff in this suit;

5.  Order such other and further relief as is just, proper and equitable.

6.  Allow jailhouse Law to represent Plaintiff in the alternative.

Dated: __07/ 3 / 08__

RESPECTFULLY SUBMITTED

*[signature]*

PLAINTIFF / PRO PER
MICHAEL LEDAY

MOTION DRAFTED BY:

*[signature]*

JAILHOUSE LAWYER JOSEPH NICHOLSIN BEHALF OF PLAINTIFF LEDAY MICHAEL

CON'T-MEMORANDUMS OF POINTS AND AUTHORITIES AND

AND SUPPORTING CASES

Request For Appointment of Counsel.

The informal Pauperis law 28 U.S.C. § 951(e)(1)., allows a U.S. District Judge to "Request an attonrey to represent any person unable to afford counsel."

On the basis of this law, district judges have appointed lawyers for prisoners who filed section 1983 suits on their own behalf.

Generally, when deciding whether or not to apoint a lawyer for Plaintiff, the court will counsider:

[X]   How well can you present your own case? (Jailhouse Lawyer Articulated and Drafted Plaintiff's Claims).P.C.§1474;In re Harrell (1970)2Cal 3d 675,689).

[X]   How complicated are the legal issues ? (Due to issues explained in the Motion, a Prison setting extremely complicates the litigating of the Legal issues.)

[X]   Does the case require investigation that Plaintiff will not be able to do because of the imprisonment, Cell mate who is an everyday annoyance and don't let me have enough lights on in the cell to study with, and Officers Harassments too.)

[X]   Will credibility (whether or not a witness is telling the truth) be important, so that a lawyer will need to conduct cross-examination?

[X]   Will Expert testimony be needed ?

[X]   Can Plaintiff afford to hire a lawywr on my on ? (To the questions the word is "NO").

These factors are listed in Montgomery v Pinchak, 294 F.3d 492,499 (3rd Cir. 2002).

Plaintiff realizes that appointment for counsel is usually at the

11

discretion of the Judge,which means that if a judge doesn't want to appoint Plaintiff a counsel,he or she dosen't have to.On the other hand,there have been a few rare cases in which a court held that judge abused this discretion. **In Hendricks v Coughlin,** 114 F.3d 390 (2d Cir.997),a U.S. Court of Appeals found that the district court had abused its discretion in refusing to appoint counsel for a prisoner in section 1983 case in **Parham v Johnson**,126 F 3d 454,46 (3rd Cir. 1997),another Court of Appeals said that " where a Plaintiff's case appears to have merit and most ot eh aforementioned factors have been met,courts should make every attempt to obtain counsel.

### CONCLUSION

Based upon the above information,declarations,Motion and Memorandums of Points and authority and that Fact that Plaintiff has a celly who is not compatible,Annoying and keeps the light off in Plaintiffs cell 98 % of the time,making it impossible for Plaintiff to litigate,or study even if Plaintiff had the knowledge.This includes the facts stated in the Motion,the Appointment of counsel may be warranted and Plaintiff humbly request the Court to make the effort to locate an attorney to represent Plaintiffs Complaint.

Dated: 7/3/08

RESPECTFULLY SUBMITTED

Signed: _____
MICHAEL LEDAY / PLAINTIFF

DRAFTED BY JAILHOUSE LAWYER
Signed: _____
JOSEPH NICHOLS / PRISONER